**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DARLTON SHAINE POWELL,
A-099-514-520,**

**Petitioner,**

**vs.** **Case No. 4:11cv521-SPM/WCS**

**ERIC H. HOLDER JR., et al.,**

**Respondents.**

**____________________________/**

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Service was directed on October 19, 2011, doc. 4, and Respondents have filed a response to the petition. Doc. 11. Pursuant to the service order, Petitioner was advised that he would have a limited opportunity "to file a reply, if desired, to the answer or response to the petition." Doc. 4. Petitioner's deadline was January 19, 2012, but he has not filed a reply. The petition has been reviewed along with the response filed by Respondents. It is recommended that the petition be dismissed as prematurely filed.

Petitioner alleged in the petition that he entered immigration custody on July 21, 2009. Doc. 1, p. 1. However, Petitioner was not ordered removed until May 3, 2010, and that order did not become final until October 12, 2010, when Petitioner's appeal was denied. *Id.*, at 1, 4.

Petitioner filed this petition on October 12, 2011, and at that time, Petitioner had been in detention for a year after the order of removal became final, awaiting removal to his native country of Jamaica. *Id.*, at 1. Petitioner sought only to challenge his ongoing detention under Zadvydas v. Davis, 533 U.S. 678 (2001), and did not challenge the validity of the removal order *Id.,* at 2. Petitioner claimed only that Respondents are unable to effect his removal, yet refuse to release him. *Id.*, at 2.

Respondents agree that Petitioner entered custody of Immigration and Customs Enforcement (ICE) on July 21, 2009. Doc. 11-1. Petitioner had been convicted of possession of a controlled substance and unlawful possession of a firearm and was incarcerated in the Nevada Department of Corrections. *Id.* He was transferred from Nevada's custody into that of ICE and issued a Notice to Appear in Removal Proceedings on July 21, 2009. *Id.* Respondents agree that Petitioner was ordered removed by an Immigration Judge on May 3, 2010. *Id.*, at 2. Petitioner filed an appeal with the Board of Immigration Appeals on May 21, 2010, and Respondents agree that on October 12, 2010, the Board dismissed Petitioner's appeal. *Id.*

Respondents, however, inform the Court that on November 17, 2010, Petitioner filed a petition for review and request for stay of removal with the Eleventh Circuit Court of Appeals. Doc. 11-1, p. 2. In December, 2010, the petition for review was transferred from the Eleventh Circuit to the Ninth Circuit Court of Appeals as Petitioner's

"immigration case originated from Las Vegas, Nevada." *Id.* The case was opened in that court as case number 11-70077. *Id.*

On January 4, 2011, the Ninth Circuit Court of Appeals granted a stay of removal.[1] As of this date, the stay of removal remains in effect. *Id.* Respondents assert that because Petitioner is under a stay of removal, he is not within the removal period and the petition should be dismissed.

As noted above, Petitioner seeks relief in this Court under Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). In that case, the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." 533 U.S. at 699, 121 S.Ct. 2491. The Zadvydas Court "held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' " Zadvydas, 533 U.S. at 701, 121 S.Ct. 2491, *explained in* Clark v. Martinez, 543 U.S. 371, 377-378, 125 S.Ct. 716, 722 (2005).

---

[1] Judicial notice is taken of Case No. 11-70077, in the United States Court of Appeals for the Ninth Circuit. On January 7, 2011, the Court entered a temporary stay of removal. Doc. 2 of that case. On April 1, 211, The Attorney General filed opposition to the motion to stay removal, doc. 10, but on April 18, 2011, the Court ordered the case stayed and all pending motions held in abeyance pending issuance of the mandate in Singh v. Holder, case 08-70434. The Court ordered that the temporary stay of removal remained in effect. Doc. 11 of that case. Thereafter, on September 13, 2011, the Court granted Petitioner's motion to lift the stay of proceedings, granted Petitioner *in forma pauperis* status, and granted Petitioner's motion for a stay of removal pending removal. Doc. 13 of that case.

Detention after a removal order has been entered is governed by 8 U.S.C. § 1231(a), which provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1) (A). During the 90 day removal period, it is mandatory that the alien be detained. 8 U.S.C. § 1231(a)(2).

After the 90 day removal period, the government *may* further detain the alien or release him subject to conditions of release, but that decision is discretionary. See *id*. § 1231(a)(6). That statute provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may be detained* beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (emphasis added). If the decision is made to continue an alien's detention, it is limited under Zadvydas as explained above.

This case, however, does not appear to be ripe under Zadvydas because Petitioner is not currently detained during the removal period. Pursuant to § 1231(a)(1)(B), the removal period does not begin to run until the latest of:

> (1 The date the order of removal becomes administratively final.
>
> (2 If the removal order is judicially reviewed and if a court orders a *stay* of the removal of the alien, *the date of the court's final order*.
>
> (3 If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added).

In this case, Petitioner's removal period has not begun to run because the Ninth Circuit issued a stay of removal and a final order has not been issued by that court. The presumptively reasonable six month period for removal after issuance of a final order as established by Zadvydas is tolled when an alien requests judicial review of a removal order and a court orders a stay of removal. Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (finding that petitioner "interrupted the running of the time under *Zadvydas* by moving" for a stay of removal and noting that because he "chose to simultaneously challenge issues related to his removal order and his post-removal period detention," he "did not have even an unencumbered month of detention prior to filing his § 2241 petition, let alone the requisite six months."); *see also* Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004) (finding the petitioner's detention not improper under *Zadvydas* but "rather, directly associated with a judicial review process that has a definite and evidently impending termination point and, thus, more akin to detention during the administrative review process, which was upheld in Demore v. Kim, 538 U.S. 510, 527-29, 123 S.Ct. 1708, 155 L.Ed.2d 724, (2003)"); Evangelista v. Ashcroft, 204 F.Supp.2d 405, 409 (E.D. N.Y. 2002) (holding that petitioner was "not being held indefinitely beyond the removal period" but instead, "he is being held pursuant to a stay [that] he has requested."). The court in Evangelista stated that in such circumstances it is "disingenuous" to seek release under Zadvydas when a period of detention is the "direct result of his seeking relief from deportation." 204 F.Supp.2d at 409. *See also* Yang v. Chertoff, No. 05-73098, 2005 WL 2177097, at *3 (E.D. Mich. Sept. 8, 2005) (finding that "when a stay of removal is entered by the reviewing court, the matter is effectively removed from a final removal order posture"

and § 1231(a) does not apply), *citing* Quezada-Bucio v. Ridge, 317 F.Supp.2d 1221, 1224 (W.D. Wash. 2004) (finding that "[b]ecause Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained pursuant to [§ 1226].").

Consequently, Petitioner's claim here, that he is being held in violation of Zadvydas, is premature because the removal period has been stayed. It has not even expired, much less begun to run.

Accordingly, it is **RECOMMENDED** that the § 2241 petition filed by **DARLTON SHAINE POWELL,** doc. 1, be **DISMISSED** because it was prematurely filed pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

**IN CHAMBERS** at Tallahassee, Florida, on February 24, 2012.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**